Filed 9/19/23  In re N.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re N.M., a Person Coming Under the Juvenile Court Law. | B324779 <br><br> (Los Angeles County Super. Ct. No. 22CCJP03127A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> E.C., <br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Affirmed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

Mother E.C. (Mother) noticed an appeal from the juvenile court's October 2022 disposition order in dependency proceedings concerning her daughter N.M. The juvenile court took dependency jurisdiction over N.M. based on its findings that Mother physically and emotionally abused N.M. (Welf. & Inst. Code, § 300, subds. (a), (c)) and placed N.M. at substantial risk of serious physical harm from Mother's alcohol abuse (Welf. & Inst. Code, § 300, subd. (b)).

Mother's opening brief on appeal advanced only one assignment of error: the claim that the juvenile court impermissibly delegated to N.M.'s therapist the court's duty to determine if visitation between Mother and N.M. would be detrimental to the child. The actual visitation order the juvenile court made, however, was not included in the appellate record at the time of the filing of the opening brief.

When filing its respondent's brief, the Los Angeles County Department of Children and Family Services (the Department) asked this court to augment the record with the juvenile court's case plan for Mother. The augmentation request was granted, and the case plan includes an order for monitored visitation with no requirement that the visitation must first be approved by a therapist. In light of the visitation order the juvenile court actually made, the Department argued we should dismiss Mother's appeal because she is not aggrieved by the juvenile court's disposition order. Mother thereafter notified this court that she would not be filing a reply brief because the augmented record materials "reveal[ ] details regarding the challenged visitation order which were not included in the record on appeal."

The record as augmented establishes the juvenile court did not err in the sole manner Mother argued was error. Rather than

dismiss Mother's appeal, we believe the appropriate course is to affirm the juvenile court's disposition order—and that is what we shall do.

## DISPOSITION

The juvenile court's disposition order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.